CRICHTON, J.,
would grant and assigns reasons.
IH would grant the writ filed by Vernon Parish School Board, reverse the lower courts, and dismiss'the plaintiffs tort action. In my view, and as well articulated by Judge Genovese in his dissent, the coach was on a personal errand and not in the course and scope of his employment. It is well settled in Louisiana that in order to establish vicarious liability, the court will consider several factors, which can include the following: whether the employee’s actions are rooted in employment; whether the actions are incidental to employment; whether the tort occurs on the employer’s premises; and whether it occurs during business hours. LeBrane v. Lewis, 292 So.2d 216 (La.1974). In this instance, the coach left the school premises to retrieve an item which was, by his own admission, not part of his required uniform and was solely for his “comfort.” As such, I do not find the coach was performing a task in the course and scope of his employment.